IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ZAESLIV H. OBAMA, A/K/A § | |
| SHANTA CLAIBORNE, § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:19-cv-972-G (BT) |
| § | |
| UNITED AUTOMOBILE INSURANCE § | |
| SERVICES, § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Zaesliv Obama, proceeding *pro se* and *in forma pauperis*, filed this civil action in federal court. The Court did not issue process pending judicial screening. Now, for the following reasons, the Court should dismiss Plaintiff's complaint.

I.

Plaintiff states she had an automobile insurance policy with Defendant United Automobile Insurance Services and that she submitted a claim to Defendant for personal injuries, but Defendant did not process the claim. She alleges Defendant committed theft, stalked her, and treated her "in a deceptive way." (ECF No. 11 at 3). She asserts that her claims arise under the False Claims Act ("FCA"), 31 U.S.C. § 3729, and other state laws. By her lawsuit, she seeks $200,000 in damages.

1

II.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

III.

Plaintiff fails to state a claim under the FCA. There are three basic elements of an FCA violation: (1) the claimant presented or caused to be presented a claim for payment to the United States; (2) the claim was false or fraudulent; and (3) the claimant knew the claim was false or fraudulent. *See* 31 U.S.C. § 3729(a)(1)(A); *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 265 (5th Cir. 2010). Here, Plaintiff has not alleged that Defendant submitted a false or

fraudulent claim to the United States. Her claim under the FCA is therefore without merit and should be dismissed.

To the extent Plaintiff also alleges state law violations, she has failed to show the Court can properly exercise diversity jurisdiction over claims arising under state law. Diversity jurisdiction requires complete diversity of citizenship between adverse parties and that the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Here, the complaint does not allege that the parties are citizens of different states. Instead, in response to the Court's Questionnaire seeking the basis for this Court's jurisdiction, Plaintiff states, "the location of the cause of action occurred in the State of Texas, USA." (ECF No. 11 at 2). Plaintiff has therefore failed to establish complete diversity of citizenship between the parties.

Because Plaintiff failed to state a claim under the FCA, and because Plaintiff has failed to show the Court can properly exercise diversity jurisdiction over her state law claims, the Court also recommends dismissal of any state law claims Plaintiff may be seeking to raise. *See Parker & Parsley Petroleum Co. v. Dresser Industries,* 972 F.2d 580, 585 (5th Cir. 1992) (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989) (stating generally state law claims should be dismissed when the federal claims they supplement are dismissed); *United Mine Workers of America v. Gibbs*, 86 S. Ct. 1130, 1139 (1966) (same).

IV.

For the foregoing reasons, Plaintiff's claims under FCA should be dismissed with prejudice as frivolous and Plaintiff's state law claims be dismissed without prejudice for lack of jurisdiction.

Signed June 27, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).